UNITED STATES  DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION NO. 06-30039-02-04** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **GAMIL AHMED AHMED & BAYOU KING, INC.** | **MAG. JUDGE KAREN L. HAYES** |

**MEMORANDUM RULING**

Before the Court are Defendants Gamil Ahmed Ahmed's ("Ahmed") and Bayou King, Inc.'s ("Bayou King") Motion to Quash Indictment [Doc. No. 77], First Supplemental Motion to Quash [Doc. No. 94], and Second Motion to Quash [Doc. No. 95].  Defendants, Bayou King and its owner, Ahmed, operate a convenience store in Tallulah, Louisiana, and are charged with several counts of selling counterfeit goods in violation of 18 U.S.C. § 2320.  Defendants claim that they are being prosecuted because Ahmed is of Yemeni descent, in violation of the Fifth Amendment's Equal Protection Clause and that the Indictment contains multiple charges arising out of the same transaction in violation of the Fifth Amendment's Double Jeopardy Clause.  The Government filed responses [Doc. Nos. 106 & 107].

For the following reasons, Defendants' Motion to Quash Indictment, First Supplemental Motion to Quash, and Second Motion to Quash are DENIED.

I.      LAW AND ANALYSIS

   A.      **Selective Prosecution**

In their Motion to Quash Indictment and First Supplemental Motion to Quash, Defendants claim that they are being prosecuted because Ahmed is of Yemeni descent in violation of their right to equal protection. Defendants argue that the Government has failed to prosecute non-Arabic individuals who sell counterfeit goods. Defendants were indicted along with 17 other individuals whom they allege to be of Arabic descent. However, in the past two years, only two other individuals have been charged with selling counterfeit goods in the Western District of Louisiana, and no individuals have been charged in the Monroe Division in the past three years. Defendants also contend that their private investigator has purchased counterfeit goods from non-Arabic individuals in the Western District of Louisiana and would introduce such evidence if their request for an evidentiary hearing is granted.

The Government responds that Defendants' evidence is insufficient to show selective prosecution or warrant an evidentiary hearing. The Government argues that not all of the Defendants indicted in this case appear to be of Arabic descent. The Government also argues that the search warrants and accompanying affidavits submitted in this case provide an independent basis for the prosecution of these Defendants.

"[T]o make out a claim of selective prosecution, the defendant must show: 1) that others similarly situated have not been prosecuted, and 2) that the Government's prosecution of him is selective, invidious, in bad faith or based on impermissible considerations such as race, religion, or his exercise of constitutional rights." United States v. Hayes, 589 F.2d 811, 819 (5th Cir.

1979).

Defendants have failed to meet their "heavy burden" of demonstrating selective prosecution. United States v. Ramirez, 765 F.2d 438, 339 (5th Cir. 1985). As to the first element, Defendants' evidence that few individuals are prosecuted for selling counterfeit goods, if true, does not show that the Government has ignored similarly situated offenders. "Due to limited resources of the government, there will always be some [individuals] who elude prosecution by the government. This factor is not sufficient to show selective prosecution." United States v. Tibbetts, 646 F.2d 193, 195-96 (5th Cir. 1981).

Even if Defendants established the first element, they have not met their burden of demonstrating that they were prosecuted because Ahmed is from Yemen. See Ramirez, 765 F.2d at 440 (The "showing of discriminatory purpose require[s that] the petitioner. . . show that the decision-maker . . . selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group."). Defendants have offered no evidence, only assertions, that the Government's prosecution is based on impermissible considerations. Conclusory allegations of an impermissible motive are not sufficient to demonstrate that the Government has acted in bad faith. Id. A review of the search warrants and supporting affidavits shows that the Government had objective evidence of criminal wrongdoing that is unrelated to Ahmed's country of origin.

Additionally, Defendants are not entitled to an evidentiary hearing because they have failed to present "facts sufficient to create a reasonable doubt about the constitutionality of [the] prosecution." Hayes, 589 F.2d at 819.

Defendants' Motion to Quash Indictment and First Supplemental Motion to Quash are DENIED.

**B.    Double Jeopardy**

In their Second Motion to Quash, Defendants claim that the Indictment alleges multiple offenses arising out of the same transaction, in violation of the Fifth Amendment's proscription against multiple punishments for a single offense.[1]  Defendants argue that the Indictment should be consolidated, and they should be charged for the cumulative sale of counterfeit goods on each date alleged, instead of each counterfeit trademark.  See, e.g., United States v. Berry, 977 F.2d 915, 920 (5th Cir. 1992) (Where the statute proscribed possession of a firearm or ammunition by a convicted felon, the defendant could not be convicted of simultaneous possession of a firearm and ammunition.).

The Government responds that Defendants were properly charged in separate counts for each counterfeit trademark they are alleged to have trafficked or attempted to traffic.  See United States v. Song, 934 F.2d 105, 109 (7th Cir. 1991) (The defendant was properly indicted for each counterfeit mark she was selling under 18 U.S.C. § 2320.).

"Charging a single offense under more than one count of an indictment is multiplicious and raises the Double Jeopardy specter of multiple punishments." United States v. Sharpe, 193

---

[1] The Indictment is organized as follows: each count alleges that Defendants sold (or attempted to sell) a counterfeit trademark (e.g., Lacoste) on a specific date.  For example, Counts three and four of the Indictment involve the alleged sale of counterfeit goods on July 14, 2005.  Count three alleges that Defendants sold counterfeit "Girbaud" goods, and Count four alleges that Defendants sold counterfeit "Lacoste" goods.

F.3d 852, 865 (5th Cir. 1999). To determine whether Defendants' conduct constitutes a single offense, the court must identify "the unit of prosecution of the offense charged." Sanabria v. United States, 437 U.S. 54, 67-70 (1978). Title 18 of the United States Code, Section 2320, punishes "whoever intentionally traffics or attempts to traffic in goods or services and knowingly uses a counterfeit mark" on such goods or services. 18 U.S.C. § 2320. The allowable unit of prosecution under 18 U.S.C. § 2320 is an issue of first impression in the Fifth Circuit. However, the Seventh Circuit squarely addressed this issue in United States v. Song. Relying on both the express language of the statute and its legislative history, the Seventh Circuit held that "the correct unit of prosecution under § 2320 is the counterfeit mark, so [an] indictment charging different counterfeit marks in each count [i]s not multiplicitous." Song, 934 F.2d at 109.

While Defendants claim that they should be charged for the cumulative sale of counterfeit goods, the Seventh Circuit's reasoning in Song, which the Court adopts, is instructive: in enacting Section 2320, Congress intended to "protect individual victims-purchasers, manufacturers, and retailers." Id. Each counterfeit trademark alleged constitutes a separate crime with a specific victim and unique trademark registration. Unlike the statute in Berry, which was designed to disarm convicted felons, Section 2320 was designed to protect individual victims. Cf. Bell v. United States, 349 U.S. 81, 99 (1955) (The Court held that the transportation of two women on the same trip in the same vehicle constitutes a single offense; however, the statute was designed to protect community morals.). Therefore, each count of the Indictment properly charges Defendants for each counterfeit trademark they are alleged to have trafficked or attempt to traffic.

Defendants' Second Motion to Quash is DENIED.

**II.    CONCLUSION**

For the reasons set forth in this Court's ruling, Defendants Gamil Ahmed Ahmed's and Bayou King, Inc.'s Motion to Quash Indictment [Doc. No. 77], First Supplemental Motion to Quash [Doc. No. 94], and Second Motion to Quash [Doc. No. 95] are DENIED.

MONROE, LOUISIANA, this 13th day of June, 2007.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE